IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICO O. MCBRIDE                                                                      PLAINTIFF

v.                                                                  Civil No. 1:13-cv-276-HSO-RHW

JACKSON COUNTY NARCOTICS
TASK FORCE et al.                                                                 DEFENDANTS

### SECOND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANTS

BEFORE THE COURT is *pro se* Plaintiff Rico O. McBride's Response [6] to the Court's January 10, 2014, Order [5] to Show Cause.  In its Order to Show Cause, United States Magistrate Judge Robert H. Walker ordered McBride to show cause in writing why this case should not be dismissed for failure to serve a summons and Complaint upon each remaining Defendant.  The remaining Defendants in this case are: W. Hall, Narcotics Task Force Agent, L6, 0030; Jackie Trussell, Narcotics Task Force Agent; John Doe, Other Task Force Agents; Ocean Springs Police Department K9 Officer and Unit; and 1-10 John Dowe [sic] Defendants, all officially and individually.

On January 17, 2014, McBride responded to the Order to Show Cause, indicating that "All defendant's listed in the Complaint was served in the Jackson County Circuit Court by the Jackson County Sheriff Department . . . ."  Pl.'s Resp. [6] at p. 1 [all sic in original].  McBride attached to his Response Summonses with Returns of Service [6-1] executed by Jackson County Deputy Sheriffs.  The Summonses and Returns of Service submitted by McBride do not establish that the remaining Defendants have been properly served:

1. The Return of Service as to W. Hall, Narcotics Task Force Agent, L6, 0030, indicates that a Deputy Sheriff attempted to serve process upon Hall at the office of the Narcotics Task Force, but Hall is "no longer at Narcotics Task Force;"

2. The Return of Service as to Jackie Trussell, Narcotics Task Force Agent, indicates that a Deputy Sheriff attempted to serve Trussell but Trussell could not be found; and

3. The Return of Service as to Ocean Springs Police Department K9 Officer and Unit indicates that a Deputy Sheriff served process upon "Ocean Springs Police Department K9 Officer and Unit c/o Joel England."

"To the extent that a plaintiff sues a defendant in his individual capacity, he is required to serve such defendant personally, as an individual . . . ." *Omobude v. Mississippi Dept. of Finance and Admin.,* No. 3:10cv703-TSL-FKB, 2011 WL 346522, *1 (S.D. Miss. Jan. 31, 2012). McBride has sued Hall and Trussell in their individual capacities but has not personally served them.

It appears that by suing the Ocean Springs Police Department K9 Officer and Unit, McBride is attempting to sue both the entire unit and an unidentified individual officer in his individual capacity. If McBride wishes to pursue individual capacity claims against an unidentified K9 Officer, McBride must identify him and personally serve process upon him. Serving process upon Joel England is not

effective personal service upon an unidentified K9 Officer.[1]

The Ocean Springs Police Department K9 Unit is not a separate legal entity in and of itself but is rather an extension of the municipality of Ocean Springs, Mississippi. *Bradley ex rel. Wrongful Death Beneficiaries of Bradley v. City of Jackson,* No. 3:08-cv-261-TSL-JCS, 2008 WL 2381517, *2 (S.D. Miss. June 5, 2008)(collecting cases). Claims related to the alleged acts of the Ocean Springs Police Department K9 Unit must be brought against Ocean Springs, Mississippi. *Hearn v. Hinds Co. Bd. Sup'rs,* No. 3:11cv662-DPJ-FKB, 2012 WL 3913423, *4 (S.D. Miss. Sept. 7, 2012)(collecting cases). McBride has not sued Ocean Springs, Mississippi, and even if he had, service upon Joel England would not be proper service upon the City of Ocean Springs.[2] The Ocean Springs Police Department K9 Unit should be dismissed as a party to this suit because it is not a legal entity in and of itself.

The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

---

[1] There is no indication in the record that Joel England is the individual K9 Officer against whom McBride advances claims in his Complaint.

[2] Service of process upon a municipal corporation must made "by delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation." Miss. R. Civ. P. 4(d)(7).

McBride filed his Complaint on June 4, 2013.  He has had over seven and a half months to properly serve the remaining Defendants and has not done so.  The Court hereby notifies McBride that this case will be dismissed without prejudice unless on or before February 17, 2014, McBride files proof of service with the Court demonstrating that he has properly served the remaining Defendants or "shows good cause" why he has been unable to personally serve them during the past seven and a half months.   Fed. R. Civ. P. 4(m).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case will be dismissed without prejudice unless on or before February 17, 2014, *pro se* Plaintiff Rico O. McBride files proof of service with the Court demonstrating that he has properly served W. Hall, Narcotics Task Force Agent, L6, 0030; Jackie Trussell, Narcotics Task Force Agent; John Doe, Other Task Force Agents; Ocean Springs Police Department K9 Officer; and 1-10 John Dowe [sic] Defendants, all officially and individually; or "shows good cause" why he has been unable to personally serve them during the past seven and a half months.  Fed. R. Civ. P. 4(m).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Ocean Springs Police Department K9 Unit is dismissed as a party to this suit.  The Clerk of Court is directed to correct the caption of this cause by replacing Defendant "Ocean Springs Police Department K9 Officer and Unit" with Defendant "Ocean Springs Police Department K9 Officer."

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff Rico O. McBride at his last

known address, via the United States Postal Service, certified mail, return receipt requested.

**SO ORDERED AND ADJUDGED**, this the 23rd day of January, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE